John M. MARTIN, Sr., Plaintiff,

v.

AMERICAN MEDICAL SYSTEMS,
INC., Defendant.

Civil Action No. 2:96cv95.

United States District Court,
E.D. Virginia,
Norfolk Division.

April 24, 1996.

Mark David Brynteson, Davis, Irwin & Brynteson, Chesapeake, VA, Philip J. Geib, Bennett and Zydron, Virginia Beach, VA, David M. Deutsch, Brannon & Deutsch, Dayton, OH, for John M. Martin, Sr.

Barbara Ann Williams, Wright, Robinson, McCammon, Osthimer, & Tatum, Richmond, VA, Edward Fenwick Rockwell, Wright, Robinson, McCammon, Osthimer & Tatum, Richmond, VA, Joseph P. Callahan, Wright, Robinson, McCammon, Osthimer & Tatum, Richmond, VA, for American Medical Systems, Inc.

## MEMORANDUM OPINION AND ORDER

JACKSON, District Judge.

### INTRODUCTION

This matter comes before the Court on Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendant, American Medical Systems, Inc. ("AMS") argues that all of Plaintiff's claims are barred by the Medical

Device Amendments of 1976 ("MDA") of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301–395 (1994) because, Defendant argues, the MDA preempts each of Plaintiff's causes of action.

The Court held a hearing on the motion on April 5, 1996. The matter is now ripe for judicial determination.

For the reasons enumerated on the record at the hearing and for the reasons that follow, the Court **GRANTS** Defendant's motion for summary judgment on all claims.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this action as result of the injuries he sustained from the unsuccessful implantation of an inflatable penile prosthesis ("IPP") manufactured by Defendant. The IPP was explanted after Plaintiff suffered from an infection. Future complications led to several reconstructive surgeries and permanent disfigurement.

Plaintiff filed his motion for judgment in state court on May 30, 1995 and amended his motion on December 15, 1995. Plaintiff alleges negligence, strict liability, failure to warn, subsequent failure to warn, breach of expressed warranty, and breach of implied warranty. On January 26, 1996, Defendant filed with this Court its notice of removal.

## II. LEGAL STANDARD

■ Summary judgment is appropriate when the court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). Once a party has properly filed evidence supporting the motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c), the burden shifts to the nonmoving party to set forth specific facts showing genuine issues for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *accord Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 817 (4th Cir.1995). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552. The court must view the record as a whole and in the light most favorable to the nonmoving party. *Terry's Floor Fashions, Inc. v. Burlington Indus., Inc.*, 763 F.2d 604, 610 (4th Cir.1985). It must draw any permissible inference from the underlying facts. *Tuck v. Henkel Corp.*, 973 F.2d 371, 374 (4th Cir.1992), *cert. denied*, 507 U.S. 918, 113 S.Ct. 1276, 122 L.Ed.2d 671 (1993).

## III. DISCUSSION

■ Under the MDA, the IPP is a Class III medical device. (Def's Mot.Ex. A.) This classification subjects the IPP to the most stringent controls under the MDA. *Duvall v. Bristol–Myers–Squibb Co.*, 65 F.3d 392, 396 (4th Cir.1995), *petition for cert. filed*, 64 U.S.L.W. 3439 (U.S. Dec. 22, 1995) (No. 95–1010) (citations omitted). Citing *Duvall*, Defendant argues that § 360k(a) of the MDA expressly preempts Plaintiff's state law claims to the extent that they would impose state requirements related to the safety or effectiveness of the IPP if those requirements are different from or in addition to the federally-imposed requirements. Section 360k(a) of the MDA provides in relevant part the following:

> Except as provided in subsection (b) of this section, no State or political subdivision of a State may establish or continue in effect with respect to a device intended for human use any requirement—
>
> (1) which is different from, or in addition to, any requirement applicable under this chapter to the device, and
>
> (2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under this chapter.

21 U.S.C. § 360k(a) (1994).

Plaintiff's response to Defendant's motion for summary judgment focuses upon the question of whether the MDA preempts his cause of action based upon express warranties. Plaintiff also argues that the MDA does not necessarily preempt his remaining

claims because "the answer as to whether a specific claim is preempted is dependent on the facts of the case and the interrelationship between state and federal law...." (Pl.'s Mem. Contra at 8.) During the hearing, Plaintiff's counsel argued that possible preemption of the claim based upon the express warranty, but he did not specifically address the other claims. In particular, Plaintiff did not elaborate upon the bald assertion in his responsive memorandum that suggests the existence genuine issues of material fact. It is the Court's view that material facts are *not* in dispute; thus the issues before the Court are questions of law.

■ Following *Duvall*, the Court finds Plaintiff's argument regarding his claims other than the one based upon expressed warranties to be without merit. The MDA preempts state-law claims, including common law claims, "to the extent such claims, if successful, would impose requirements under state law different from or in addition to the requirements applicable to a device under the MDA." *Duvall*, 65 F.3d at 398. Plaintiff did not present any argument, orally or in writing to take these claims out of the holding of *Duvall*. On these claims, Plaintiff has not met his burden of setting forth specific facts that show genuine issues for trial. Thus, the Court concludes as a matter of law that Defendant is entitled to judgment on these claims. The Court now discusses only the claim based upon express warranties.

In *Duvall*, the United States Court of Appeals for the Fourth Circuit affirmed the district court's ruling that the MDA preempted the plaintiff's state law claims but reversed in part and remanded the plaintiff's claim based upon an express warranty to the extent that the claim could be based upon the defendant's voluntarily-made representations. The Fourth Circuit reasoned that the MDA may not preempt a claim stemming from an express warranty

> because an express warranty is at its core "a contractual commitment voluntarily undertaken." [*Cipollone v. Liggett Group, Inc.*, 505 U.S. 504,] ... 525–26 & n. 23 [112 S.Ct. 2608, 2622 & n. 23, 120 L.Ed.2d 407 (1992) ].... "A manufacturer's liability for breach of an express warranty derives

from, and is measured by the terms of that warranty. Accordingly, the 'requirements' imposed by an express warranty are not 'imposed under State law,' but rather imposed by the warrantor." *Id.* at 525–26, 112 S.Ct. at 2622.

*Duvall*, 65 F.3d at 400. Following this reasoning, Plaintiff's claim that is premised upon expressed warranties could survive the motion for summary judgment if Defendant voluntarily made a promise to Plaintiff, in the form of an express warranty, that the MDA nor state law requires. In other words, the Defendant must have bound itself voluntarily to Plaintiff.

■ Plaintiff's amended motion for judgment alleges that the express warranties "were found in advertising material, videotapes, and in literature promulgated by Defendant, indicating that said IPP was safe and effective for its intended use." (Am.Mot. for J. ¶ 28.) However, in his response to Defendant's motion for summary judgment and at the hearing, Plaintiff did not produce any express warranties from any of the sources listed in his motion for judgment. Instead, he based his argument upon a warranty, entitled "AMS Limited Warranty Policy," that Defendant attached to its motion for summary judgment as Exhibit B. The warranty, by its terms, "applies only to the hospital or physician's office ... which is the purchaser of American Medical Systems, Inc. prostheses." (Def's Mot.Ex. B.) It provides that AMS will issue a credit invoice to replace the explanted device. The credit is to be prorated yearly, based upon the period of time that elapses between the original date of implantation and the date of explantation. (*Id.*) Defendant argues that it did not extend this warranty to Plaintiff. Therefore, the warranty cannot be the basis of Plaintiff's cause of action for breach of express warranties.

Plaintiff argues that, under the Virginia Commercial Code, VA.CODE ANN. § 8.2–318 (Michie 1991), the lack of privity does not bar him from basing his claim upon this warranty. He also argues that his recovery is not limited to the express terms of the warranty, i.e., a credit. He contends that consequential damages are recoverable because VA.CODE

ANN. § 8.2–719(3) (Michie 1991) prohibits the limitation of consequential damages for damages that are unconscionable, and injuries to the person in the case of consumer goods is prima facie unconscionable.

In rejecting Plaintiff's argument concerning Defendant's limited warranty to purchasing hospitals and physicians' offices, the Court notes several difficulties with Plaintiff's argument. First, Plaintiff cannot now be heard to argue that Defendant breached this warranty and that he detrimentally relied on this warranty. Plaintiff did not know of this warranty until Defendant attached it to its motion for summary judgment. Furthermore, although Plaintiff alleges the breach of express warranties in his motion for judgment, he has produced none of these warranties nor has he presented to the Court any justification for further discovery to uncover warranties which he allegedly relied upon in the past. Also, applying this warranty to Plaintiff and to include consequential damages through provisions of state law would stretch the Fourth Circuit's holding in *Duvall* concerning voluntarily-made representations further than this Court is willing to go. The express promise made by Defendant was made to purchasing hospitals and physicians' offices. The promise entailed replacement credits and excluded medical expenses and any direct, special, or consequential damages resulting from removal or replacement of the device. (Def.'s Mot. Ex. B.) Claims by institutional purchasers that are based upon this promise, if made separate and apart from FDA-mandated labeling, packaging, or labeling perhaps would not be preempted. Plaintiff, however, is not an institutional purchaser. Extension of the warranty as Plaintiff suggests would allow Plaintiff to pursue a claim based upon requirements imposed under state law, namely VA.CODE ANN. §§ 8.2–318, 8.2–719(3) (Michie 1991), that are different from or in addition to federally-imposed requirements. *See Duvall*, 65 F.3d at 401; 21 U.S.C. § 360k(a) (1994). Accordingly, the Court will not extend the holding of *Duvall* to allow Plaintiff's claim based upon expressed warranties to survive Defendant's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment on all of Plaintiff's causes of action.

The Clerk is **DIRECTED** to send a copy of this order to counsel for Plaintiff and counsel for Defendant.

It is so **ORDERED.**